## SOUTHERN RAILWAY COMPANY *v.* WILLIAMS *et al.*

1. Where, upon the trial of a suit against two joint tort-feasors, the jury, upon evidence which authorizes the verdict, finds in favor of the plaintiff against one of the defendants, but in favor of the other defendant, an error in the charge of the court, which raises a question as to degree of negligence on the part of the defendants, authorizing the jury to find in favor of one of them although that one was guilty of negligence contributing to the injury, in case it was shown that the negligence of the other was the "main, controlling, preponderating cause of the injury," will not be cause for a new trial at the instance of the defendant found liable, that defendant having no right of contribution as against the other defendant, and the plaintiff resting content with the verdict as found.
2. There was no merit in the other grounds of the motion for a new trial, and the evidence authorized the verdict.

NOVEMBER 18, 1913.

Action for damages. Before Judge Pendleton. Fulton superior court. January 25, 1913.

*McDaniel & Black,* for plaintiff in error.

*Colquitt & Conyers* and *Moore & Pomeroy,* contra.

BECK, J. Dave Williams brought suit to recover damages against the Southern Railway Company and the Georgia Railway and Electric Company, alleging that while he was a passenger of the latter an engine of the former came in collision with the car upon which he was riding, whereby he received certain injuries. The jury returned a verdict in favor of the plaintiff against the Southern Railway Company but found in favor of the other defendant. The Southern Railway Company made a motion for a new trial, which was overruled.

1. The court charged the jury as follows: "If both of the defendants are guilty of negligence, but they are guilty of different degrees of negligence, and either one of them is guilty of the main, controlling, preponderating cause of the injury, that defendant would be liable and the other defendant would not be liable." This charge was excepted to on the ground that it submitted a question as to degree of negligence of the two joint tort-feasors, and in effect instructed the jury that one of them could be guilty of the negligence charged against it and still not be liable to the plaintiff, if the other defendant "was guilty of a greater degree of negligence." There being some evidence in the record tending to show that both of the defendants were guilty of negligence which con-

tributed to bring about the injury complained of, the charge just quoted was error as against the plaintiff; and if he had been dissatisfied with the verdict against one of the defendants, and desired a new trial in order to establish the liability of the defendant in whose favor a verdict was rendered, the error in the charge would have been cause for a new trial. But it does not follow that because the plaintiff might have had a new trial, had he so elected, because of this error, the defendant against whom the jury found is likewise entitled to a new trial. The plaintiff might have brought his action against either of the defendants; he could have sued the Southern Railway Company alone had he so elected; and though it had appeared upon the trial that the other defendant sued in this case was guilty of negligence contributing to the injury equally with the defendant sued, the plaintiff could have maintained its action against the one sued and obtained a verdict against it, and there would have been no right of contribution in favor of the one sued as against the other. And even if the finding by the jury in favor of the Georgia Railway and Electric Company was the result of an erroneous statement of the law by the court, the defendant upon whom the verdict imposes liability in this case can not take advantage of that error to have the verdict set aside, the plaintiff being content therewith. The plaintiff himself, as we have said, might have brought suit against the movant alone, or, pending the trial, having brought the suit against the defendants jointly, he might have voluntarily stricken the name of the defendant in whose favor the verdict was returned, as a party defendant. If he could have done that, then, if the court during the trial had held that the defendant in whose favor the jury found was not liable under the evidence, the plaintiff might have rested upon this without excepting thereto, and proceeded with the case against the other defendant, adopting thereby the action of the court and making such action his own; and the defendant which lost the case could not have complained thereat. Neither, then, can it avail itself of the charge set forth above, to defeat a recovery by this plaintiff in a case where the evidence establishes liability, according to the finding of the jury under a charge which did not tend to prejudice it in its defense as against the plaintiff. The charge did not strengthen the case of the plaintiff nor impose any illegal burden upon the movant in resisting that case.

2. The other contentions of the plaintiff in error were without merit, and the evidence supported the verdict.

*Judgment affirmed. All the Justices concur.*